UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Nancy Rauenhorst,<br>Plaintiff,<br>vs.<br>Prudential Insurance Company of America,<br>Defendant | Case No.: Civil Action No. 00-2061 (JMR/JMM)<br>**STIPULATION TO AMEND COMPLAINT** and order |

**STIPULATION**

Plaintiff Nancy Rauenhorst and Defendant Prudential Insurance Company of America, through their respective counsel, hereby STIPULATE AND AGREE THAT:

Plaintiff shall be permitted to amend her Complaint in the above-captioned matter to include a claim for violation of Title VII of the Civil Rights Act, Title 42 U.S.C. 2000-e, et seq.. The form and substance of the amendment is contained in the proposed amended pleading attached hereto as Attachment A.

Dated: 11/17/00

By: [signature]
Eric D. Bull, Lic. No. 276017
P.O. Box 873
Watertown, MN 55388
(952) 955-3405
*Attorney for Plaintiff*

Dated: 11-29-00

PROSKAUR ROSE, LLP

By: Gregg S Kahn
Neil H. Abramson, (NA-0889)
Lloyd B. Chinn, (LC-7953)
Gregg S. Kahn, (GK-9388)
1585 Broadway
New York, NY 10036-8299
(212) 969-3000
*Attorneys for Defendant*

DEC 12 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

Based on the foregoing Stipulation of the parties, IT IS HEREBY ORDERED: That Plaintiff may amend her Complaint to add a claim for violations of Title VII, 42 U.S.C. 2000(e), et seq.. Plaintiff shall serve and file the Amended Complaint within ten (10) days of entry of this Order.

12/12/00

BY THE COURT:

John M. Mason
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nancy Rauenhorst,<br><br>Plaintiff,<br>vs.<br><br>Prudential Insurance Company of America,<br><br>Defendant | Case No.: Civil Action No. 00-2061 (JMR/JMM)<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, for her Amended Complaint against Defendant above named, alleges and states as follows:

**PARTIES**

1. Plaintiff is a citizen of the United States and is a resident of Ramsey County, Minnesota.

2. Defendant Prudential Insurance Company of America ("Prudential") is an insurance company located in Newark, NJ. Defendant is licensed to conduct business in the State of Minnesota. The agent of service for Defendant is Susan Blount, 751 Broad Street, 23rd Floor, Newark, NJ 07102.

**STATEMENT OF FACTS**

3. Plaintiff is a female.

4. At all times pertinent to this Complaint, Plaintiff was an employee of Defendant Prudential.

5. Plaintiff was working as a claims handler for Defendant beginning in March 1997.

6. Throughout her employment, Plaintiff's performance record was good. She was a hard-working and productive employee for

ATTACHMENT "A"

defendant.

7. Shortly after beginning her employment, Plaintiff and other female employees were subjected to unwelcome advances and other sexually harassing behavior by co-workers and supervisors of Defendant.

8. Plaintiff complained to Defendant of the pervasive harassment and sexually charged working environment.

9. Defendant took no corrective action after Plaintiff complained.

10. Plaintiff was told by a human resources manager that Defendant would not be investigating claims she made regarding other employees.

11. In September 1998, Plaintiff began being sexually harassed by a male coworker, Kevin Ross.

12. The actions of the coworker were unwelcome and offensive to Plaintiff.

13. The offending coworker was placed in a position of authority over Plaintiff which allowed him to abuse that authority and harass Plaintiff.

14. Plaintiff complained to Defendant's management regarding various sexually harassing and offensive behaviors by Mr Ross, including:

a. Mr. Ross leaned on and touched Plaintiff repeatedly at her work station. The touching was unwelcome and

inappropriate under any circumstances.

b. Mr. Ross asked Plaintiff for dates, despite her continued rejection of him.

c. He discussed inappropriate sexual subject matter to Plaintiff and to other women in Plaintiff's immediate work area.

d. He leered and stared at Plaintiff's and other female employee's breasts while she was trying to work.

15. Defendant was aware of other complaints about Mr. Ross' behavior.

16. After Plaintiff complained about the harassment by Mr. Ross, he was initially transferred to a different area but he was allowed to continue to enter Plaintiff's work area, to harass Plaintiff and harass other female employees.

17. After making her complaint, Defendant assigned Plaintiff to a small group training with the man who was harassing her.

18. Within a week after being assigned to training with Mr. Ross, he was then assigned to the same work team as Plaintiff.

19. Plaintiff and other females complained of the continued harassment.

20. As a result of the harassment, Plaintiff's work performance was affected, and she suffered physical upset and severe emotional distress.

21. Defendant has a record of and a pattern and practice of allowing sexual harassment occur and to continue despite numerous complaints.

22. After Plaintiff complained to human resources, Defendant failed to properly investigate the claim.

23. Plaintiff was not kept informed of the status of the investigation nor the result of any investigation.

24. When Plaintiff asked why the investigation took so long and why the lack of investigation into her complaint, Plaintiff was told by Defendant that her claim took so long because they had more egregious complaints to attend to.

25. Plaintiff was interviewed by Defendant in connection with other harassment complaints.

26. After making her complaints, and by refusing to go along with the harassing behavior, Plaintiff was treated less favorably by managers and supervisors than persons who had not made complaints.

27. As a result of the harassment, Defendant's failure to take prompt corrective action, retaliation and the continued hostile environment, Plaintiff was constructively discharged from Defendant in March 2000.

**COUNT ONE**

**SEX DISCRIMINATION**

Plaintiff realleges each and every paragraph of the

Complaint.

28. The conduct of Defendant during the course of Plaintiff's employment constitutes discrimination in employment on the basis of sex in violation of 42 U.S.C. 2000(e), et seq. Minn. Stat. § 363.03 et seq.

29. Plaintiff was treated differently in the terms and conditions of employment on the basis of gender in violation of 42 U.S.C. 2000(e), et seq. Minn. Stat. § 363.03 et seq..

**SEXUAL HARASSMENT**

Plaintiff realleges each and every paragraph of the Complaint.

30. The conduct of Defendant during the course of Plaintiff's employment constitutes discrimination in employment on the basis of sex in violation of 42 U.S.C. 2000(e), et seq. Minn. Stat. § 363.03 et seq.

31. The sexually harassing conduct of the supervisors and employees of Defendant toward Plaintiff altered the terms and conditions of Plaintiff's employment, substantially interfered with Plaintiff's employment and created an intimidating, hostile and offensive working environment for Plaintiff.

32. Submission to or rejection of the sexually harassing conduct and communication was used as a factor in decisions affecting the Plaintiff's employment. Said acts constituted sexual harassment as defined by 363.01 Subd. 41 and prohibited by

363.01 et seq. and 42 U.S.C. 2000(e), et seq.

33. Management failed to take timely and appropriate action to remedy the harassment of Plaintiff but instead threatened Plaintiff and allowed others to treat Plaintiff negatively because of her resistance to the illegal sexual harassment.

34. The harassment of Plaintiff and others and the sexually charged atmosphere at Defendant was severe and pervasive.

35. The discriminatory working conditions forced Plaintiff to leave, thereby constructively discharging Plaintiff in violation of Minn. Stat. § 363.01, et seq.

36. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental and emotional distress and damage to reputation as well as loss of income and benefits, past and future.

**COUNT TWO**
**REPRISAL**

Plaintiff realleges each and every paragraph of the Complaint.

37. Defendants engaged in a course of retaliation and reprisal against Plaintiff because of Plaintiff's refusal to go along with the sexually harassing behavior and because of Plaintiff's complaint of sexual harassment and other gender

discrimination in violation of Minn. Stat. § 363.03, Subd. 7 and 42 U.S.C. 2000(e), et seq.

38. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental and emotional distress and damage to reputation as well as lost income and benefits, past and future.

**COUNT THREE**
**ASSAULT AND BATTERY**

Plaintiff realleges each and every paragraph of this complaint.

39. Defendant's employee, Kevin Ross, engaged in unlawful touching of Plaintiff.

40. The unlawful touching caused fear in Plaintiff.

41. Such touching was not welcome and was offensive to Plaintiff.

42. Said touching caused pain and suffering to Plaintiff.

43. As a direct and proximate cause of this touching Plaintiff was injured.

44. Defendant encouraged this behavior by providing the opportunity and failing to take meaningful steps to prevent the assaultive behavior which they had a duty to do.

45. Defendant knew or should have known that the assault would occur.

46. Defendant is responsible for this Assault and Battery because they aided and abetted this Assault and Battery under the doctrine Respondeat Superior.

47. Plaintiff was the specific target of this behavior and it comes under the assault exception to Workers' Compensation.

48. As a direct and proximate result of Defendant's actions, Plaintiff has suffered pain, personal injury, emotional distress and loss of past and future income and benefits.

**COUNT FOUR**
**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff realleges each and every paragraph of the Complaint.

49. The employment relationship between Plaintiff and Defendants requires a greater obligation to refrain from inflicting mental or emotional distress than would apply to a relationship between strangers.

50. Defendant had a duty to refrain from his humiliating, abusive and degrading behavior towards Plaintiff.

51. Defendants violated that duty by intimidation, threats and abusive conduct in reckless disregard of Plaintiff's interests.

52. Plaintiff was placed in a zone of danger of physical harm by Defendant.

53. Defendants knew or should have known that emotional

distress was certain or substantially certain to result from his conduct.

54. The actions of Defendant constitute outrageous conduct beyond the bounds of decency and are intolerable in a civilized society.

55. The extreme and outrageous nature of the conduct arises from the abuse by Defendants of their relationship or position which gave them actual or apparent power to damage Plaintiff's interests.

56. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress, depression, sleeplessness, humiliation, embarrassment, pain and suffering and lost wages and benefits.

**COUNT FIVE**
**NEGLIGENCE**

**NEGLIGENT SUPERVISION**
**NEGLIGENT TRAINING**
**NEGLIGENT RETENTION AND NEGLIGENT HIRING**

Plaintiff realleges each and every paragraph of this Complaint.

57. Defendant had a duty of care to take reasonable steps in selecting, retaining, supervising and training its management, employees and work force to ensure that the premises were reasonably safe.

58. Defendants had a duty to respond to complaints and

investigate allegations of wrongdoing by its agents, owners, staff or workforce.

59. Defendants should have taken reasonable steps to make sure that its employees and managers were not a danger to customers, business invitees, contractees or employees and would not engage in inappropriate behavior.

60. Defendants did not take the necessary steps to make sure that the premises were safe for its customers, business invitees, business associates, contractees and employees, including Plaintiff.

**Negligent Supervision**

61. Defendants breached their duty of care to Plaintiff when they failed to adequately supervise and train their the managers and employees

62. Defendants had a duty, before placing agents, managers or employees in a position of authority and control over others, to investigate their backgrounds.

63. Defendants failed to adequately investigate the backgrounds of its agents, managers or employees in a position of authority over others.

64. Defendants had a duty of care to take reasonable steps to supervise its management and work force to protect its employees from harm.

65. Defendants were aware of its problems with sexual

harassment in its work place and the need for preventive action. The behaviors and words of a sexual nature were obvious and pervasive in the work place.

66. Defendants knew or should have known of the pervasive sexual communication conducted by its supervisors and employees and that Plaintiff would be subjected to an unreasonable risk of harm.

67. Defendants breached their duty to Plaintiff when it failed to adequately supervise its supervisors and employees.

68. As a direct and proximate result of Defendant negligence, Plaintiff has suffered and continue to suffer severe emotional distress, humiliation and embarrassment, physical pain and suffering and lost wages and benefits.

**Negligent Training**

69. Defendants had a policy on paper prohibiting sexual harassment, but Defendants failed to give adequate training on the sexual harassment policy so as to communicate its seriousness and prevent the recurrence of sexual harassment.

70. Defendants failed to train their supervisors on behaviors constituting sexual harassment, monitor the work place, conduct investigations and enforce the law or their policy prohibiting sexual harassment.

71. Neither the management nor the employees took this policy seriously. The sexual harassment policy was not enforced.

72. Defendants breached their duty to Plaintiff when it failed to adequately train its supervisors and employees.

73. As a direct and proximate result of Defendants' negligent training, Plaintiff has suffered and continues to suffer severe emotional distress, sleeplessness, humiliation and embarrassment, physical pain and suffering and lost wages and benefits.

**WHEREFORE**, Plaintiff prays for judgment as set forth below and for the following relief:

1. Against Defendant Prudential for Counts One through Five for all lost income past and future, actual damages, special damages, compensatory damages and damages for mental anguish and suffering, lost reputation, personal injury, and other serious damages in a reasonable amount in excess of $50,000.

2. For a damages multiplier against Defendant for each count where applicable.

3. Plaintiff hereby gives notice of intent to request leave to amend this Complaint to add a claim for punitive damages.

4. For all attorneys' fees and costs, pursuant to 42 U.S.C. 2000(e), et seq. and/or Minn. Stat. § 363.14 subd.3.

5. For injunctive relief mandating meaningful sex discrimination and sexual harassment training for all employees every six months.

6. For a civil penalty, pursuant to Minn. Stat. §363.071 subd.2.

7. And such other and further relief as the court deems just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL JURY COUNTS.

Dated: 12/7/00

By: [signature]

Eric D. Bull, Lic. No. 276017
P.O. Box 873
Watertown, MN 55388
Telephone/Fax (952) 955-3405

*Attorney For Plaintiff*